MARY E. BEEBE, Plaintiff, *v.* SABINA M. BEEBE and Another, Defendants.

Supreme Court, New York County, June 24, 1931.

*Walter F. Pease*, for the plaintiff.

*A. P. Bachman*, for the defendants.

COLLINS, J.   The plaintiff's attack upon the legal sufficiency of the first, second, third and fourth defenses asserted in the answer of the defendant Beebe, introduces the more fundamental problem concerning the validity of the complaint.   If the complaint is defective the inquiry terminates.

The complaint alleges that in December, 1911, whilst the plaintiff and Silas P. Beebe were husband and wife, the husband, at plaintiff's request, " and in contemplation of the separate maintenance of the plaintiff," entered into a written agreement, wherein, among other things, the husband agreed to apply for a policy of life insurance upon his life for $20,000, making the plaintiff sole irrevocable beneficiary; that, pursuant to such agreement, the husband applied for and obtained a policy, which " in violation of his agreement with plaintiff," named the plaintiff as beneficiary only, " and not as sole irrevocable beneficiary; " that the form of the policy was unknown to the plaintiff, she believing that she had been named irrevocable beneficiary, pursuant to the terms of the written agreement.   The allegation follows that " the premiums provided for in the said insurance policy were duly paid to the said insurance company; " that the husband died in December, 1930, when, for the first time plaintiff discovered that the husband, without her knowledge or consent, " and in violation of his written agreement with plaintiff,   *   *   *   and for the purpose of defrauding the plaintiff," changed the beneficiary of the policy from the plaintiff to one Sabina G. McCarthy, who is now the defendant Sabina M. Beebe.   Due performance of all of the conditions of the agreement on plaintiff's part is averred.   The complaint then charges that the defendant Beebe collected the proceeds of the insurance policy and deposited the same in the Guaranty Trust Company, the

second defendant named herein, and that such proceeds belong rightfully to the plaintiff. It is alleged that unless enjoined, the defendant Beebe will attempt to withdraw and transfer the proceeds, "thereby making it necessary for plaintiff to trace the funds into the hands of other persons thereby causing great hardship and irreparable injury to plaintiff." The relief prayed for is that the proceeds of the policy "be declared impressed with a trust in favor of this plaintiff," that defendants be declared trustees for the plaintiff, and that they be required to pay the same to the plaintiff. A permanent, as well as a temporary injunction, and the appointment of a receiver, is requested.

Stripped of its form, the complaint reveals the substance to be a breach of a written agreement between husband and wife. The agreement is not set forth. It does not appear that the defendant Beebe was a party to the agreement, that she had any knowledge thereof, or that she participated in any scheme to defraud the plaintiff, or that she was a party to the breach. It is not averred or shown that the husband constituted himself a trustee for the plaintiff, or that the proceeds of the insurance policy were a trust fund. I cannot perceive upon what theory the plaintiff seeks to pursue the proceeds to the defendant Beebe. The mere violation of the agreement between husband and wife would not constitute the defendant Beebe a trustee. The plaintiff says that the complaint "was drawn from and in accordance with the complaint in the case of *Holmes* v. *Gilman* (138 N. Y. 369)." The *Holmes* case, however, is no pattern for the one under consideration. There it was held that a partner occupies such a fiduciary position with regard to his copartners and partnership funds that he cannot make a personal profit out of the use of such funds, and that where such partner misappropriated partnership funds to procure life insurance in the name and for the benefit of his wife, and paid the premiums wholly out of such partnership funds, the surviving member of the firm was entitled to the whole amount of the insurance, it appearing that such amount was less than the amount of firm funds misappropriated by the deceased partner. That, however, is not the situation disclosed by the complaint here. No misappropriation of trust funds appears. I am not concerned here with any cause of action which the plaintiff might have against the husband's estate. Addressing the inquiry solely to the complaint before me, I am constrained to hold that it does not state facts sufficient to constitute a cause of action. Nothing therein is alleged or shown to bring the case within the rule that when a person through the influence of a confidential relation acquires title to property, or obtains an advantage which he cannot con-

scientiously retain, the court, to prevent the abuse of confidence, will grant relief. The fraud must be something more than the mere breach of an agreement. (*Wood* v. *Rabe*, 96 N. Y. 425, 426; *Goldsmith* v. *Goldsmith*, 145 id. 313.)

Plaintiff is allowed ten days after the service of a copy of this order within which to serve an amended complaint if he so elects.